965 So.2d 305 (2007)
Maurice JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-455.
District Court of Appeal of Florida, Fourth District.
September 19, 2007.
Orlando Buch, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was convicted of first degree murder and sentenced to life in prison. The state's theory of the case was that four individualsJackson, Smith, Dixon, and Rolleconspired to rob Calixte. Smith fired at Calixte, grazing him. Calixte responded by shooting Smith and killing him. Calixte was then shot and killed with 12 to 15 bullets fired by one of the other conspirators. Defendant's issues on appeal relate to two instances of hearsay testimony, the refusal to give his requested jury instruction, and the failure to declare a mistrial because of a sleeping juror.
*306 Defendant first challenges co-conspirator Rolle's trial testimony that Dixon told her that he and Jackson were "going to bust a lick." The Initial Brief contains no citation to the record for this testimony. The record shows Rolle explained that a "lick" is a robbery. She testified several times that Dixon told her he was going to "bust a lick" and that that Dixon named Jackson by telling her that "he and [Jackson] were going to bust a lick." No objection was made to this testimony. Without a timely objection, the issue involving this patently hearsay testimony and its admissibility has not been preserved for appeal.
Defendant also challenges a hearsay statement which "was something to the effect that `I think [Jackson's] out there shooting.'" The brief explains that the statement was attributed to either Cooper or Wimberlyagain without citation. The Initial Brief argues that this testimony was erroneously admitted as a spontaneous statement. After citing Jano v. State, 510 So.2d 615 (Fla. 4th DCA 1987), appellate counsel argues only that there was nothing "no more prejudicial" in the trial against defendant than this testimony. The record shows defendant's trial counsel anticipatorily objected to the testimony. The state argued it was admissible as an "excited utterance" or "spontaneous statement," that the declarants were "identi[fying] . . . the person shooting outside as the gunshots are happening or immediately thereafter." The court allowed the statement but not as an excited utterance or spontaneous statementstating that "it goes to identity; identity is an exception to the hearsay rule."
As to the jury instruction, the brief states that defense counsel proposed an instruction that "the conspiracy itself and each member's participation in it must be established by independent evidence." Appellate counsel does not present his jury instruction in his argument of the issue, discuss the trial court's ruling, explain what evidence supported his instruction, or provide any record citations. The record shows trial counsel requested an instruction in reference to section 90.803(18)(e), which allows hearsay statements by coconspirators in furtherance of the conspiracy, providing that "[u]pon request of counsel, [a jury instruction] that the conspiracy itself and each member's participation in it must be established by independent evidence, either before the introduction of any evidence or before evidence is admitted under this paragraph."
The sleeping juror is similarly not elucidated. The brief says only that "Defendant's constitutional rights were compromised when a juror fell asleep during defense attorney's closing argument, and the court failed to declare a mistrial." There is no showing that the matter was raised in the trial court, or indeed that the trial judge even made any ruling. Again, there is no citation to the record.
With some misgivings, we affirm the conviction and sentence. The trial court evidence linking defendant to the conspiracy is terribly thin and of questionable admissibility. Even though we have doubts about the adequacy of the representation of defendant in the trial court and on this appeal, because we cannot say that his representation was facially inadequate, we have no choice but to affirm. It follows that our affirmance does not prejudice defendant's rights in post-conviction relief.
GUNTHER and STONE, JJ., concur.